**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4050**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTHUR DEMERILL SANTIFUL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Arenda L. Wright Allen, District Judge. (2:15-cr-00160-AWA-RJK-1)

Submitted: June 6, 2017                                    Decided: July 21, 2017

Before GREGORY, Chief Judge, and SHEDD and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Melinda R. Glaubke, SLIPOW, ROBUSTO & KELLAM, P.C., Virginia Beach, Virginia, for Appellant. Dana J. Boente, United States Attorney, Alexandria, Virginia, Andrew Bosse, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Demerill Santiful was convicted after a jury trial of one count of conspiracy to interfere with commerce by means of robbery, in violation of 18 U.S.C. § 1951(a); ten counts of interference with commerce by means of robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; one count of discharging and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Santiful appeals his conviction, challenging the denial of a motion to suppress, the admission of prior bad act evidence, and the sufficiency of the evidence supporting two of the ten robbery counts. Finding no error, we affirm.

We first address Santiful's challenge to the district court's denial of his motion to suppress statements that he made in a post-arrest interview. In reviewing a district court's denial of a motion to suppress, we review legal conclusions de novo and underlying findings of fact for clear error. *United States v. Gardner*, 823 F.3d 793, 799 (4th Cir. 2016). We do so while construing the evidence in the light most favorable to the government, the party prevailing below. *Id.*

Santiful argues that the post-arrest interview was rendered unlawful by his interviewers' disregard of his request for counsel pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Of note, the Supreme Court has explained that "[i]nvocation of the *Miranda* right to counsel requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." *Davis v.*

*United States*, 512 U.S. 452, 459 (1994) (internal quotation marks omitted). Thus, "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, our precedents do not require the cessation of questioning." *Id.*

We agree with the district court that Santiful never made a clear and unequivocal request for counsel. Instead, Santiful merely asked "[g]otta a lawyer here right now?," was told none were available and that the interview would therefore end if he insisted on having counsel, and then agreed to proceed with the interview without counsel. J.A. 969–70. Under these circumstances, the cessation of the interview was not required. As such, Santiful's motion to suppress his interview statements was properly denied.[*]

Next, we address Santiful's challenge to the district court's admission of testimonial evidence indicating that he took from his former girlfriend—without her consent—the same Hi-Point .45 caliber handgun that an individual used in the charged robberies. We review a district court's evidentiary rulings for abuse of discretion.

---

[*] Santiful briefly argues that certain interviewers' discussions with him about the benefits of cooperation rendered his statements in the post-arrest interview involuntary. We disagree. Discussions about cooperation during a custodial interrogation have generally been approved by this Court. *See United States v. Mashburn*, 406 F.3d 303, 309–10 (4th Cir. 2005); *United States v. Pelton*, 835 F.2d 1067, 1073 (4th Cir. 1987). Although statements may be deemed involuntary or improperly obtained if they follow specific promises of leniency that go unfulfilled, *see Mashburn*, 406 F.3d at 309–10, or if they arise after false assurances that a defendant's statements may not be used against him, *cf. Hart v. Attorney Gen. of the State of Fla.*, 323 F.3d 884, 894–95 (11th Cir. 2003), such tools of deceit are absent in this case.

3

*United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011). Under this deferential review standard, "we look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *Id.* (internal quotation marks omitted).

Rule 404(b) of the Federal Rules of Criminal Procedure bars the admission of prior bad act evidence proffered for the purpose of proving a defendant's propensity to break the law; however, such evidence may be admissible if it is proffered to prove non-character issues such as identity. *See* Fed. R. Crim. P. 404(b). More specifically, "[t]o be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable"—and must not have its probative value substantially outweighed by its unfair prejudice to the defendant. *United States v. Siegel*, 536 F.3d 306, 317, 319 (4th Cir. 2008) (internal quotation marks omitted). Furthermore, "acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence." *Id.* at 316 (internal quotation marks and alteration omitted).

Assuming that the contested evidence is extrinsic to the charged offenses and thus subject to Rule 404(b), it is still admissible as reliable non-character evidence. The contested evidence is relevant to—and is necessary to help resolve—the disputed issue of identity, because it links Santiful to a weapon used in service of the charged robberies. That other evidence existed that was probative of Santiful's identity as a participant in the charged robberies does not detract from the reality that the contested evidence was still a useful piece of the government's evidentiary presentation. *See United States v.*

4

*Rooks*, 596 F.3d 204, 211–12 (4th Cir. 2010) ("That the evidence was not critical to the prosecution's case against [a defendant] does not render it unnecessary for purposes of Rule 404(b), as [the 'necessary'] prong focuses on whether the evidence is necessary in the sense that it is probative of an essential claim or an element of the offense.") (internal quotation marks omitted). The contested evidence is also reliable, because a reasonable juror could believe that Santiful obtained a handgun in the possession of a former girlfriend. *See Siegel*, 536 F.3d at 319 ("Evidence is reliable for purposes of Rule 404(b) unless it is so preposterous that it could not be believed by a rational and properly instructed juror.") (internal quotation marks omitted). Finally, the contested evidence is not unduly prejudicial—particularly considering the fact that the district court offered a limiting instruction designed to mitigate the risk of undue prejudice. As such, the district court acted well within its discretion in admitting the contested evidence.

Lastly, we address Santiful's challenge to the sufficiency of the evidence underlying his convictions for the robbery of two 7-Eleven convenience stores in Virginia Beach. A defendant challenging the sufficiency of the evidence faces "a heavy burden." *United States v. McLean*, 715 F.3d 129, 137 (4th Cir. 2013) (internal quotation marks omitted). Indeed, "we must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to support it." *United States v. Engle*, 676 F.3d 405, 419 (4th Cir. 2012). "[I]n the context of a criminal action, substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

After reviewing the record, we conclude that the evidence underlying the contested convictions is sufficient to support a finding of guilt beyond a reasonable doubt by a reasonable finder of fact. The government produced surveillance videos showing that the above-described robberies took place, and Santiful's co-defendant—Michael Zeigler—confirmed that Santiful was one of the participants in the robberies. Although Santiful challenges Zeigler's credibility on appeal, it is sufficient for our purposes that the jury believed Zeigler enough to convict Santiful. *See Burgos*, 94 F.3d at 863 ("[D]eterminations of credibility are within the sole province of the jury and are not susceptible to judicial review.") (internal quotation marks omitted).

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED